FILED
CLERK
9/11/2019 2:42 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DWAYNE HENDERSON, #18002983,

                                Plaintiff,

      -against-

SHERIFF VERA FLUDD, Nassau County Sheriff;
BRIDGET MURPHY, Newsday Reporter; DISTRICT
ATTORNEY MADELINE SINGAS,

                                Defendants.
----------------------------------------------------------------X

**ORDER**
19-CV-02675 (JMA)(AYS)

**AZRACK, United States District Judge:**

      On May 6, 2019, incarcerated pro se plaintiff Dwayne Henderson ("plaintiff") commenced this action against Nassau County Sheriff Vera Fludd ("Sheriff Fludd"), Bridget Murphy, who is alleged to be a reporter with Newsday ("Murphy"), and Nassau County District Attorney Madeline Singas ("D.A. Singas" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed in forma pauperis. However, plaintiff did not file the required Prisoner Litigation Authorization Form ("PLRA") with the complaint. Accordingly, by Notice of Deficiency also dated May 6, 2019 ("Notice"), plaintiff was instructed to complete and return the enclosed PLRA within fourteen (14) days from the date of the Notice in order for his case to proceed. On May 15, 2019, plaintiff timely filed the PLRA.

      The Court grants plaintiff's request to proceed in forma pauperis and, for the reasons that follow, plaintiff's claims seeking injunctive relief are dismissed without prejudice and plaintiff's claims seeking damages are stayed pending the conclusion of the underlying criminal prosecution.

## I. BACKGROUND[1]

Plaintiff's brief complaint is submitted on the Court's Section 1983 complaint form. In its entirety, plaintiff's statement of claim alleges that, on December 17, 2018, at the Nassau County Correctional Center:[2]

> Monday December 17th 2018 my cell was search. Officers came out my cell with a folded piece of paper that contained medication foot powder. These officers place me Ad/Seg for drug possession falsifying a report that the powder found was tested for a drug called ketamine. Vera Fludd Sheriff knew these allegations were false and falsely confined me. Causing this incident to reach the media. District Attorney Madeline Singas has violated my rights to a fair trial my Sixth Amendment. Madeline Singas office release my name to the public solely to heighten public condemnation of the accused. There was absolutely no reason to use a case I wasn't charged on with connection to jailhouse allegation I wasn't charged on. Putting that information into the public domain during my trial creates a substantial risk of prejudicing the trial. The Newspaper article was for no legitimate law enforcement purpose. Madeline Singas ignored my right to a fair trial guarantee to me by the US Constitution Sixth Amendment. Madeline Singas inexplicably and unlawfully created embarrassing negative press attention during my trial.

(Compl. ¶ II.) As a result, plaintiff claims to have suffered a "violation of Constitutional Amendment right to a fair trial, falsely confined, mental anguish. Defamation of character, emotion distress, pain and suffering, falsely accused, cruel and unusual punishment" for which he seeks to recover a damages award in the total sum of $100 million as well as have his "name erased from the public domain." (Id. ¶¶ II.A., III.)

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation and grammar have not been corrected or noted.

## II. DISCUSSION

**A.  *In Forma Pauperis* Application**

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee.  28 U.S.C. § 1915(a)(1).  Therefore, plaintiff's application to proceed in forma pauperis is granted.

**B.  Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.  28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the Court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

1. **Abstention**

Federal courts ordinarily must abstain from exercising jurisdiction over constitutional claims seeking declaratory or injunctive relief when: "1) there is an ongoing state proceeding; 2) an important state interest is implicated in that proceeding; and 3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002); see also Younger v. Harris, 401 U.S. 37(1971).

In Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013), "the Supreme Court rejected this three-part test in favor of a categorical approach." Mir v. Shah, 569 F. App'x 48, 50 (2d Cir. 2014) (summary order) (citing Sprint, 571 U.S. at 77–82). Instead, the Supreme Court held that the Younger abstention doctrine applies only to three classes of state court proceedings: (1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that

"implicate a State's interest in enforcing the orders and judgments of its courts." Sprint, 571 U.S. at 73, 78 (internal quotation marks and citations omitted) ("We have not applied Younger outside these three 'exceptional' categories, and today hold . . . that they define Younger's scope.").

Here, insofar as plaintiff seeks injunctive relief relating to his on-going state court criminal prosecution,[3] the Supreme Court's categorical approach requires this Court to abstain under the Younger abstention doctrine. Accordingly, plaintiff's claims for injunctive relief are implausible and are thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Unlike claims for declaratory and injunctive relief, the Second Circuit has held that claims for monetary damages should not be dismissed under Younger abstention. Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000). However, given that plaintiff's claims are closely intertwined with the on-going criminal case, prosecution of such claims in this Court at this juncture would be premature. Accordingly, plaintiff's claims seeking damages are stayed pending the conclusion of the underlying criminal case. Therefore, the Clerk of the Court shall administratively close this case. Plaintiff may request, in writing, that this case be re-opened within two (2) weeks of the conclusion of his state court criminal proceedings, if so warranted at that time.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted. However, plaintiff's claims seeking injunctive relief are sua sponte dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and plaintiff's remaining claims seeking damages are stayed pending the conclusion of the underlying criminal case. The Clerk of the

---

[3] Plaintiff is awaiting trial under Nassau County Court-Criminal Term case number 01678N-2018 having pled not guilty to, among other charges, felony drug possession and assaulting an officer.

Court shall administratively close this case. Plaintiff may request, in writing, that this case be re-opened within two (2) weeks of the conclusion of his state court criminal proceedings, if so warranted at that time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court shall also mail a copy of this Order to the plaintiff at his last known address.

**SO ORDERED.**

                                                      _/s/ JMA_____
                                                      Joan M. Azrack
Dated:     September 11, 2019          United States District Judge
             Central Islip, New York